# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **WESLEY BOOKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 17-1319-JWL** |
| **NANCY A. BERRYHILL,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI) benefits pursuant to sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding error in the ALJ's consideration of the report and medical opinion of Dr. Berg, Ph.D., the court ORDERS that the Commissioner's final decision shall be reversed and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

## I.     Background

Plaintiff argues that the Administrative Law Judge (ALJ) erred in her residual functional capacity (RFC) assessment because she "did not include all credible limitations in the RFC." (Pl. Br. 7) (bolding omitted).

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless,

the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, considering the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of

past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.

At step five, the burden shifts to the Commissioner to show that there are jobs in the

economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084,

1088 (10th Cir. 1999).

The court considers the issue as presented in Plaintiff's Brief.

## II.    Discussion

Plaintiff claims error "because the ALJ failed to assess an RFC that was consistent

with the portions of Dr. Berg's opinion she found credible, … did not provide an

explanation for choosing some limitations to include while discarding others," and

consequently, "substantial evidence does not support the RFC" assessed.  (Pl. Br. 7).  He

argues that although the ALJ accorded partial weight to Dr. Berg's opinion, she "did not

provide an explanation for accepting some of the limitations while rejecting others."  Id.

at 10.  He argues that the step four finding that Plaintiff can do his past work as a

housekeeper is not supported because "the ability to respond appropriately to supervision

and coworkers is a basic demand of all unskilled work," id. at 12 (citing SSR (Soc. Sec.

Ruling) 85-15), Dr. Berg opined that Plaintiff had a limited capacity to accommodate to

the demands of superficial interpersonal interactions because of his psychotic symptoms

and irritability, and the ALJ did not explain how that limitation was met or discounted.

Id. at 11-12.

The Commissioner argues, "Judicial review of the Commissioner's final decision

under 42 U.S.C. § 405(g) is limited to whether the decision is supported by substantial

4

evidence in the record as a whole." (Comm'r Br. 5) (citing <u>Cowan v. Astrue</u>, 552 F.3d 1182, 1184-85 (10th Cir. 2008)). She argues that when the Commissioner's findings are supported by substantial evidence, they "are conclusive and must be affirmed." (Comm'r Br. 5) (citing <u>Perales</u>, 402 U.S. at 401). The Commissioner argues that it is a claimant's burden to establish disability and Plaintiff did not sustain his burden. <u>Id.</u> She acknowledges that Plaintiff has "severe" schizophrenia, but argues that he did not establish that his mental limitations prevent him from engaging in substantial gainful activity. <u>Id.</u> at 6. She cites record evidence which in her view "provided substantial evidence supporting the Commissioner's decision." <u>Id.</u> at 6-7. She argues that "the ALJ expressly acknowledged Dr. Berg's opinion," afforded it only partial weight, and "gave good reasons for the weight afforded Dr. Berg's opinion." <u>Id.</u> at 8. She cites record evidence which, in her view justifies discounting portions of Dr. Berg's opinion. <u>Id.</u> at 8-9. She argues that although the record contains evidence contrary to the ALJ's RFC assessment, "the issue is not whether Plaintiff's position was supported by substantial evidence, but whether the <u>ALJ's</u> decision was so supported." <u>Id.</u> at 9-10 (citing <u>Perales</u>, 402 U.S. at 401, and 42 U.S.C. § 405(g)) (emphasis in Pl. Br.). The Commissioner concludes that although the ALJ recognized Plaintiff has a severe mental impairment, she "reasonably concluded that such did not prevent a range of unskilled work based on favorable evidence of his functioning." <u>Id.</u> at 10. She argues that the ALJ's RFC assessment was reasonable based upon evidence in the record, Social Security Rulings, and the Social Security Administration's interpretation of "a substantial loss of mental

ability." Id. at 10-11 (citing Program Operations Manual System (POMS) § DI 25020.010).

The Commissioner argues that the ALJ "reasonably considered Plaintiff's subjective complaints in assessing his RFC." (Comm'r Br. 12). She argues that the ALJ's finding that Plaintiff's allegations of symptoms are not entirely consistent with record evidence is supported by the record evidence. Id. at 12-13. She ends her argument, asserting "[t]he ALJ's decision was supported by substantial evidence, is a correct application of the law and regulations, and should be affirmed." Id. at 13.

In his Reply Brief, Plaintiff argues that the Commissioner's Brief "failed to address the central tenant [sic] of [Mr.] Booker's objection to the ALJ's decision." (Reply 1). He points out that his argument was that the ALJ accorded partial weight to Dr. Berg's opinion but failed to accept all the limitations opined or to explain why they were discounted, and that the Commissioner did not address this error in her Brief. Id. at 1-2. He ends his brief by reminding the court that it "may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." Id. at 2.

### A.    The ALJ's Findings

The ALJ discussed Dr. Berg's examination report at three locations in her decision. (R. 21, 23-24, 25). During her step three analysis, in which she determined Plaintiff's mental impairments do not meet or medically equal a Listing, the ALJ noted that in February 2015:

> An examiner opined that the claimant's ability to attend to and process simple information was marginal because he at times was distracted and not able to follow directions. Additionally, his ability to initiate sustainable activity was likely variable and unreliable because of his hallucinations.

(R. 21) (citing Dr. Berg's Report, Ex. B2F/1-3 (R. 367-69)). In her RFC assessment the ALJ again discussed Dr. Berg's examination, noting that he:

> opined that the claimant's ability to learn and retain new information was at least mildly limited. Dr. Berg also opined that the claimant's ability to accommodate to the demands of superficial interpersonal interactions was limited because of his psychotic symptoms and irritability.

(R. 23-24) (citing R. 367-69). At the end of her RFC discussion, the ALJ noted that she:

> assigned partial weight to the consultative opinions o[f] record. However, the undersigned does not agree with Dr. Berg's opinion regarding the claimant's ability to attend to and process simple information, as the claimant continues to work on a part time basis.

(R. 25).

The ALJ assessed Plaintiff with the RFC for a range of light work, except for certain additional limitations including, as relevant to mental limitations, "no fast paced production requirements; routine workplace changes; no direct contact with the public; [and] simple instructions/directions." (R. 22) (finding no. 5) (bold omitted).

### B.  Analysis

Dr. Berg provided four opinions regarding Plaintiff's ability to perform work-related activities:

1. Plaintiff's "ability to attend to and process simple information is marginal because he at times is distracted and not able to follow directions." (R. 368).

2. "His ability to learn and retain new information is at least mildly limited." Id.

3. "His ability to initiate sustainable activity is likely variable and unreliable because of his hallucinations." Id. at 369. And,

4.  his "ability to accommodate to the demands of superficial interpersonal interactions is limited because of his psychotic symptoms and irritability." Id.

Although it was not in a single place within her decision, as quoted above the ALJ recognized each of these opinions. (R. 21) (no. 1 and no. 3); (R. 24) (no. 2 and no. 4). And, she assigned Dr. Berg's opinion partial weight, explaining that she disagreed with his "opinion regarding the claimant's ability to attend to and process simple information." (R. 25) (opinion no. 1).  Recognizing that Dr. Berg's opinion was accorded partial weight, that he provided four opinions which were recognized by the ALJ, and that his opinion number 1 was explicitly discounted; absent specific discussion of opinions number 2, 3, or 4, it must be recognized that those opinions were accepted by the ALJ.

When the RFC assessed is compared with Dr. Berg's opinions 2 through 4 though, it is at least ambiguous whether the RFC is compatible with those opinions.  Dr. Berg's opinion no. 3, that Plaintiff's ability to initiate sustainable activity is likely variable and unreliable because of his hallucinations, suggests at least that Plaintiff may be unable to initiate or sustain full-time work, and begs an explanation of how the ALJ determined such work was possible despite that limitation.  While the ALJ limited Plaintiff to no direct contact with the public, Dr. Berg's opinion no. 4, regarding a limited ability to accommodate to the demands of superficial interpersonal interactions, begs an answer for how the ALJ determined Plaintiff could respond appropriately to supervision and coworkers.  And, although the court would likely find any error regarding opinion 2 harmless if it were the only error, a limited ability to learn and retain new information

begs the question how Plaintiff can do full-time work as a housekeeper if he has not done it in several years.

As the Commissioner argues, it is "the ALJ's duty to resolve conflicts in the evidence." (Comm'r Br. 10) (citing Perales, 402 U.S. at 399). But conflicts are not resolved when they are ignored or otherwise unaddressed. Moreover, an ALJ's narrative discussion of her RFC assessment must include an explanation how any ambiguities and material inconsistencies in the evidence were considered and resolved. SSR 96-8p, West's Soc. Sec. Reporting Serv., Rulings 149 (Supp. 2018). If the ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why she did not adopt the opinion. Id. at 150. These requirements were not met here.

The court notes two issues with the Commissioner's arguments in this case. First, the Commissioner omitted part of the legal standard applicable to judicial review of a decision of the Commissioner of Social Security. She stated the standard:

> Judicial review of the Commissioner's final decision under 42 U.S.C.
> § 405(g) is limited to whether the decision is supported by substantial
> evidence in the record as a whole. See Cowan v. Astrue, 552 F.3d 1182,
> 1184-85 (10th Cir. 2008). When supported by substantial evidence, the
> Commissioner's findings are conclusive and must be affirmed. See
> Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is
> such relevant evidence as a reasonable mind might accept as adequate to
> support a conclusion. See id.

(Comm'r Br. 5). While judicial review of such a decision is limited, it is not limited only to whether the decision is supported by substantial evidence, but it must also consider "whether the correct legal standards were applied." Cowan, 552 F.3d at 1184–85; see also Lax, 489 F.3d at 1084; White, 287 F.3d at 905. The Commissioner's omission is

made more egregious by the fact that the legal standard omitted is contained in the very next phrase of the <u>Cowan</u> opinion, the legal authority cited by the Commissioner to support her incomplete expression of the standard.  The legal standards which were not correctly applied here are the Commissioner's regulations at 20 C.F.R. §§ 404.1527, and 416.927 (2016), and SSR 96-8p.  The court is aware that for cases "filed" on or after March 27, 2017 a different regulation controls consideration of medical opinions, 20 C.F.R. § 404.1520c (2017), but that regulation is not applicable here since this case was "filed" long before that date.  Although the Commissioner argued at the end of her Brief that the ALJ's decision was "a correct application of the law and regulations," the court finds otherwise, and remands for that purpose.  (Comm'r Br. 13).

Second, the Commissioner repeatedly argued that the ALJ's decision was a "reasonable" determination regarding Plaintiff's RFC, and she argued that the ALJ "reasonably considered Plaintiff's subjective complaints in assessing his RFC." (Comm'r Br. 12).  By failing to address Plaintiff's claims of <u>legal</u> error, and by arguing that the evidence supports the ALJ's "reasonable" determinations, the Commissioner was merely asking the court to reweigh the evidence, resolve the ambiguities and inconsistencies unresolved by the ALJ, and make findings that were not specifically made by the ALJ.  The court is without jurisdiction to do so.  <u>Bowman</u>, 511 F.3d at 1272; <u>Hackett</u>, 395 F.3d at 1172; <u>see also</u>, <u>Bowling</u>, 36 F.3d at 434 (The court "may not reweigh the evidence in the record, nor try the issues <u>de novo</u>, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting <u>Harrell</u>, 862 F.2d at 475).

**IT IS THEREFORE ORDERED** that the Commissioner's final decision shall be reversed and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

Dated October 26, 2018, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**